**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES MABRY, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil No. 12-2411 (JBS) |
| v. |  |
| J.T. SHARTEL, | **OPINION** |
| Respondent. |  |

**APPEARANCES:**

    JAMES MABRY, #12512-067
    FCI Fairton
    P.O. 420
    Fairton, NJ 08320
    Petitioner Pro Se

**SIMANDLE, District Judge**:

James Mabry, a federal prisoner confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in 2006 by the United States District Court for the Middle District of Pennsylvania.  Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner challenges his incarceration pursuant to a 210-month term of imprisonment imposed on his plea of guilty to one

count of possession with intent to distribute more than five grams of cocaine base.  See United States v. Mabry, 536 F.3d 231 (3d Cir. 2008).  The Third Circuit affirmed the denial of Mabry's motion to vacate under 28 U.S.C. § 2255, finding that Mabry's waiver of appeal and collateral challenge rights in the plea agreement was knowing and voluntary, and that enforcement of the waiver would not result in a miscarriage of justice.  Id.  Mabry thereafter filed a second motion to vacate, which the District Court dismissed for lack of jurisdiction, and the Third Circuit dismissed the appeal for lack of jurisdiction.  See United States v. Mabry, 417 Fed. App'x 168 (3d Cir. 2011).  On February 15, 2012, the District Court denied Mabry's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Mabry, Crim. 04-120 order (M.D. Pa. Feb. 15, 2012).

    Mabry, who is now confined at FCI Fairton in New Jersey, executed a form § 2241 petition on April 17, 2012.  He challenges his conviction and sentence on two grounds:  (1) the District Court lacked jurisdiction to sentence him as a career offender because the predicate offense - a Pennsylvania conviction for simple assault - "has now become a non existent offense in which Petitioner is factually and actually innocen[t] of the legal requirement for such an enhancement under the statute as well as the United States Sentencing Guidelines;" (2) the District Court committed plain error in calculating the sentencing range under

the sentencing guidelines and Career Offender statute. (Dkt. 1 at 4.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

3

> relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

Here, Petitioner's claims are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.

Mabry contends that a motion under § 2255 is inadequate or ineffective as follows:

> The U.S. Supreme Court announced two new substantive interpretation concerning crimes of violence, pertaining to career offender rather then new rule of constitutional law; Petitioner['s] claims meet requirement of saving clause, in which is cognizable for instant habeas petition, since claim is based on new substantive interpretation and new substantive rules apply retroactively.  Petitioner who had no earlier opportunity to challenge his sentence for a sentence that an intervening change in substantive law may negate in which now establishes that Petitioner is actually/factually innocen[t] of being a career offender.

(Dkt. 1 at 7.)

Section 2255 is not inadequate or ineffective for Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002).  Moreover, the Third Circuit recently affirmed the dismissal of a § 2241 petition raising the same claim as Mabry raises here.  See Johnson v. Scism, 2012 WL 1668895 (3d Cir. May 14, 2012) (petitioner's

challenge to his designation as a career offender does not fall within <u>Dorsainvil</u> exception). Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain his challenges to his conviction and sentence under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

                 **s/ Jerome B. Simandle**
                 **JEROME B. SIMANDLE**
                 Chief Judge

Dated: **May 23**, **2012**